UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In Re:

                                                                   CASE NO.: 8-21-72216-ast

John James Ryan,                                 CHAPTER: 13

Debtor(s).
-----------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the Affirmation of Non-Compliance (the "Motion") of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (with any subsequent successor or assign, the "Movant"), dated July 26, 2023, came before the Court, for relief from the automatic stay with respect to the collateral known as 59 Hunter Lane, Centereach, NY 11720 (the "Collateral"). Proper notice has been provided. This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. Sections 362(d)(1)-(2) for cause as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Collateral; and it is further

**ORDERED,** that the co-debtor stay imposed in this case by section 1301(a) of the Bankruptcy Code is vacated under section 1301(c)(3) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED**, that Movant is permitted to offer and provide Debtor(s) with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor(s) without further order of the court; and it is further

**ORDERED,** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED**, that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within thirty (30) days of the report [if applicable], and shall be noticed with any surplus monies realized from the sale of the Collateral; and it is further

**ORDERED**, that all other relief sought in the Motion is denied.



Dated: October 18, 2023
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge